The opinion of the Court was delivered by
Lew, J.
This is a suit for libel. Plaintiff claims damages in the sum of five thousand dollars, for the following, reasons: “ That on the 8th day of October, 1881, the defendant, as proprietor and publisher of a weekly newspaper, ‘ The Houma Courier,’ did utter, give currency to and publish, in his said newspaper, through the usual public channels of distribution, printed matter about plaintiff, as an individual and as a public officer, viz: Mayor of the town of Houma, containing false, malicious and libellous charges against petitioner, by which he has been greatly injured and damaged in the estimation of his friends and the public.”
The matter complained of is as follows: “ Whereupon, J. W. Board moved to have the minutes corrected. Tlie Mayor said it was too late to correct the minutes, and it would make no difference whether they *132 approved them or not. The board refused to approve them. The Aldermen accused the Mayor of a pet job, which they said they would not be responsible for. The board, it seems, at a previous meeting, passed a resolution appropriating one hundred dollars for the cleaning of Barrow street ditch, from Terrebonne to Bayou Lacarpe and the building of two bridges. The secretary pro tern, made the resolution read: one hundred dollars for the cleaning of Barrow street, which the board said was altogether different from the resolution passed. The Mayor made a verbal contract with Mr. John Folej^, for one hundred dollars, for the cleaning of Barrow street ditch, which has not been the custom. The custom has always been to advertise for the lowest and best bidder, and also have a written contract. Mr. J. W. Board states publicly, that it was a put up job by the Mayor, and the reason why the contract was not written was because the Mayor’s son was interested in the contract. He further states that the work tliej- want one hundred dollars for is worth about thirty dollars. ‘ There is something rotten in Denmark.’ ‘ More whitewash needed.’ ”
He alleges that said publication is malicious, libellous and slanderous, and contains false charges and imputations reflecting upon his private character, and was maliciously intended to defame and degrade him as a public officer and as a citizen and member of society, and was not justified by fact or truth, on the part of defendant.
Defendant, answering, denies that the said publication is the subject of a sxiit. for libel. He avers that it is a privileged communication, being in substance, a true and correct report of the proceedings of the Council of the town of Houma, at a meeting of said body held on the 4th day of October, 1881, which town of Houma is a political corporation under the laws of the State of Louisiana; that, in addition to its being a true report in substance, of the proceedings of said Council, it contains nothing but a just, fair and true comment on the conduct of a public official, a fair and temperate criticism of the official and public acts of said Mayor; that it was made Iona fide, and'respondent had amide grounds to believe, and did honestly believe, in the truth and jffstice of said critical comments. He further avers, as a, ground for his •belief, that the Mayor refused to have the minutes of the Council corrected, but let out the contract to one John Foley, without public notice, when it was known that other contractors were anxious to bid for said work, and ho drew a warrant for said sum of one hundred dollars in favor of Foley, which warrant the members of the Council ordered the Treasurer not to pay, as the work was not done in accordance with the resolution, and the warrant has not been paid; also, that a son of the Mayor was engaged in said work. He denies malice, either in law or fact, on his part, but alleges that the publication was made for good *133 motives and in the interest of public welfare, and in the exercise of his constitutional right to give every public matter a candid, full and free discussion. He alleges that the suit is without legal foundation and was maliciously instituted to harrass and annoy respondent with vexatious litigation, and claims two hundred and fifty dollars in reconvention, special damages as attorney’s fees. i .
• There was a trial by jury, and there was a verdict in favor of defendant, on the principal demand, and in favor of plaintiff, rejecting defendant’s demand in reconvention. Judgment was rendered accordingly, plaintiff’s demand being dismissed at his costs, and the reconventional demand dismissed at defendant’s costs. Plaintiff has taken this appeal.
We find in the Record the following extract from the minutes:
“The jury herein afterwards returned into court and asked for instructions from the court as to the different verdicts that could be found under the law, in this case, and after having received the necessary instructions from the court, retired again to their private room to consider of their verdict. The jury afterwards returned into court, and through their foreman, Mr. Thomas M. Cage, presented to the court the following verdict, viz: ‘Verdict against plaintiff and for the defendant, and against the defendant and in favor of the plaintiff on the xeconventional demand. Signed, Thos. M. Cage.’ Which verdict the court handed to the clerk, who asked the jury if the verdict had been agreed to, and the jury having responded yea, the verdict was then read aloud by the clerk and ordered filed and recorded by the court and the jury herein discharged.”
■ The plaintiff filed a motion for a new trial; 1st, on the ground that the verdict is clearly contrary to the law and the evidence; 2d, that immediately following the presentation of the verdict of the jury- by the foreman of the jury to the court, the foreman asked to be allowed to read to the court a paper which the jury desired him to present to the court in connection with the verdict} whereupon the request of the jury was granted by the court, and the foreman, T. M. Cage, read the following words and sentences to the court in open session, viz:
“ The loose and rmbusiness-like manner of proceeding- with the disbursement of the public funds of the town of Houma, by the Council and the Mayor of said town, gave rise to the allegations against Mayor Wallis, in the article of the Houma Courier, of 8th October, 1881, Said article, though not libellous, is ungentlemanly in tone, and beneath the dignity of correct and honorable journalism}”
That as soon as the above was read by the foreman of the jury,, and in the presence of the jury, without any dissent on the part of any member thereof, the counsel for. plaintiff moved to have flic a]?ove *134 filed, which was refused by the court on the grounds that it was not signed; that said writing gave and included every reason why the-verdict should have been for plaintiff and against defendant, when said reasons are connected with the evidence and the ruling- of the court, on the exception of no cause of .action, the court having previously overruled such exception.
The motion for a new trial was denied, and we do not think the court erred in so doing. The paper mentioned formed no part of the verdict. It was an expression of opinion on the part of the jury, and a statement of their views of the affair, disconnected with the legal import of the article. They had already, by their verdict, which had been filed and ordered to he recorded, decided the case, passed upon the questions of law and. facts submitted to them, and their functions as jurors closed. Even if it could be considered as a part of the verdict itself, it was not inconsistent with the finding of the jury. It declares that the article complained of was “ not libellous.”. The expression of their opinion as to the “ loose and unbusiness-like ” proceedings of the Mayor and Council, and of the “ ungentlemanly tone ” and want of “dignity,” which should characterize “ correct and honorable journalism,” are mere surplusage, and cannot vitiate the plain finding of the verdict on the issue joined. The maxim “utile per inutile non vitiatur” is applicable herein.
We have read and considered all the evidence on both sides, and are of the opinion that the article complained of contains a substantially correct report of the proceedings of the Council of the town of Houma, at the meeting referred to. This was an open meeting of the corporate authorities of the town who are charged with the management of its affairs; whose right and duty it is to examine into and discuss all matters touching the disbursements, expenditures, etc., of the funds over which they have a guardianship; what liability may attach to the members of the municipal corporation, as individuals, for words spoken or written by them, affecting other persons, while in session as a Council, is not involved herein, and we are not called upon to pass on that question. For a newspaper to give the substance of such proceedings by publication in the locality where the paper is published, and whose citizens arc interested in the matters, cannot be-regarded by us as-being in itself malicious and libellous.
The quotation of the trite expression, “ There’s something rotten in Denmark,” and the use of the slang words, “ More whitewash needed,”’ while -not indicating- the highest cultivation of taste and refined journalism, were not considered by the jury as being either malicious or libellous in this case, and we are of a like opinion.
*135 No evidence was adduced in support of the reconventional demand and we think it was, therefore, properly dismissed.
The judgment appealed from is, therefore, affirmed at costs of appellant.